GENOVESE, J., would grant.
La. Code Crim. Proc. article 215.1(A) provides that a law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions. Terry v. Ohio , 392 U.S. 1, 16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Louisiana Code of Criminal Procedure article 215.1 requires that an officer point to specific and articulable facts to justify an investigatory stop. State v. Frank , 04-0592 (La. App. 3 Cir. 09/29/04), 883 So.2d 1107, 1113.
Here, the officer's testimony shows that the defendant and his companion were fishing, not engaged in theft of crawfish or any other criminal activity. Nonetheless, the officer testified the defendant was detained and not free to leave. The officer testified only to vague, non-specific allegations of "crawfish theft." It is obvious that the defendant and his female companion were not stealing crawfish, but rather were fishing at night, a common south Louisiana practice. They had fishing poles, a dip net to secure the fish, and an empty sack to carry them home. It is highly unlikely that they could have accomplished theft of crawfish on a bicycle. The same officer had stopped the defendant while fishing before and arrested defendant's companion (perhaps accounting for defendant's *184 nervousness). The officer specifically testified that the defendant was detained and not free to go.
After the officer had already patted the defendant down for weapons, it was unreasonable for the officer to demand that the detainee produce his cigarette pack. If he had one on his person, it certainly did not contain stolen crawfish. The fact that the officer's hunch was fruitful does not render it constitutional. The Fourth Amendment is means, not ends, based. The motion to suppress should granted.